## 9869

### PIERCE v. MARION COUNTY LUMBER CO.

(94 S. E. 865.)

1. APPEAL AND ERROR—HARMLESS ERROR.—Error, if any, in excluding testimony is not prejudicial, where another witness testified fully to the same fact.

2. TRIAL—INSTRUCTIONS—STATEMENTS OF JUDGE.—Where the Judge left all the facts to the jury for their determination, a remark that certain facts were within the knowledge of people of ordinary intelligence, and that the witness must state facts and permit the jury to draw their inferences, was not erroneous.

3. STATUTES—SPECIAL LAWS—DRAINAGE—VALIDITY.—Cr. Code 1912, sec. 237, requiring landowners to clean out streams, and section 238, making it a misdemeanor to obstruct a stream, are constitutional in view of act Feb. 18, 1905 (24 St. at Large, p. 830), authorizing the General Assembly to pass local or special laws concerning drainage.

Before PRINCE, J., Dillon, Spring term, 1917.   Affirmed.

Action by J. B. Pierce against Marion County Lumber Company.

*Messrs. M. C. Woods* and *Henry Buck,* for appellant, cite: *As to charge upon facts:* 73 S. C. 379; 61 S. C. 17; 71 S. C. 136; 72 S. C. 350; 78 S. C. 502; 79 S. C. 447; 73 S. C. 379; 86 S. C. 514; 87 S. C. 407; 73 S. C. 379; 53 S. E. 639; 81 S. C. 374; 62 S. C. 438; 84 S. C. 526; 66 S. C. 1042; 89 S. C. 328; 80 S. C. 383; 61 S. E. 891; 81 S. C. 374; 62 S. E. 438; 101 S. C. 360. *As to refusal to direct verdict for defendant as to punitive damages:* Crim. Code 1912, sections 230, 237 and 238; 66 S. C. 219; 59 S. C. 114.

*Mr. W. F. Stevenson,* for respondent, cites: 81 S. C. 279; 78 S. C. 505; 59 S. E. 526; 80 S. C. 386; 73 S. C. 383; 84 S. C. 4; 84 S. C. 530-1; 81 S. C. —; 53 S. E. 639; 82 S. C. 326-7; 87 S. C. 244-5; 91 S. C. 162; 93 S. C. 152. *As to refusal to direct verdict as to punitive damages:* 67 S. C. 481; citing 14 S. C. 428 and 36 S. C. 368; 15 S. E. 591; Civil Code, vol. I, sec. 238; 23 Stat. at L. 399; 66 S. C. 300.

*Mr. Joe P. Lane,* also for respondent, cites: 51 S. C. 312; 55 S. C. 420; 73 S. C. 274; 38 Cyc. 1316, par M; 29 Cyc. 754, par. 23.  *As to punitive damages:* Crim. Code, sections 237 and 238.; 66 S. C. 300.

January 22, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS. ·

This is an action for damages against the defendant on account of alleged damages to growing crops, caused by damming and obstructing of a running stream by the defendant, which stream was alleged to be the natural drain of defendant's land.  The complaint charged the defendant with negligence, carelessness, wilfulness and wantonness in filling up and draining the stream.  The answer of defendant was a general denial.  The case was tried before his Honor, Judge Prince, and a jury, at the March term of Court, 1917, for Dillon county, and resulted in a verdict in favor of plaintiff for $500, actual damages, and $100, punitive damages.  After entry of judgment defendant appealed.

There are two exceptions.  The first relates to a statement made by his Honor in the presence of the jury to one of defendant's counsel during the progress of the trial.

The issues in the case were whether or not the defendant had wilfully or negligently obstructed the stream; the defendant complains that the remark of his Honor, while Mr. J. W. Brunson was being examined, to Mr. Woods, defendant's attorney, was not a charge on the facts in contravention of the Constitution, as the remark was not made in his charge to the jury, but the remark was an expression of opinion by his Honor in the presence of the jury upon the only issue in the case, and highly prejudicial to the rights of the defendant, and which did of necessity prejudice its rights and made his Honor a participant in the decision of facts upon which the issue depended and was before the jury for their determination.  The Court is asked to reverse the

verdict on the ground that the Judge's remarks influenced the jury.

It is in evidence that the jury went and saw the locus; that they were residents of that county, and must have been of ordinary intelligence and familiar in a measure with the running streams of their county and were capable of judging what would and what would not obstruct a stream and prevent its running and dam it up. A careful analysis of the Judge's charge as a whole will not bear out appellant's construction that he was a participant with the jury in deciding the facts involved or that he influenced them in arriving at their finding.

His Honor's remark could only be construed to mean that certain facts were within the knowledge of people of ordinary intelligence, and that the witness must state facts and state what he saw in order that the jury might draw 1, 2 their inferences, and in any event the remark could not be prejudicial as Maj. J. M. Johnson testified fully to the same thing that it is complained of that Col. Brunson was not permitted to testify to, and his Honor in his charge was careful to leave all the facts to the jury for their determination, and the record fails to convince this Court that his Honor made any such remarks during the trial of the case as made him a participant in the decision of the facts upon which the issue depended.

The Judge did not by his remark violate the law of propriety. From the entire case it cannot be said that it can be made to appear that the remark was even probably prejudicial, much less clearly prejudicial, to the defendant, and these exceptions are overruled.

The second exception alleges error in charging the jury as to punitive damages in violation of the criminal law of the land. His Honor, in his charge, did not read or refer at all to any criminal law.

The constitutionality of the act, or of the Criminal Code of 1912 (sections 237 and 238, Code of 1912), was not

raised by attorneys for the defendant in the Circuit Court, but possibly made by Judge Prince's charge; but it is constitutional, because under the act and amendment which was added thereto on February 18, 1905 (24 Stats. 830), the General Assembly can now pass local and special laws concerning drainage, and this is a matter of drainage. This act was re-enacted in Code of 1912, after the creation of Dillon county, and Dillon county was not excepted. *Atkinson v. Express Company,* 94 S. C. 444, 78 S. E. 516, 48 L. R. A. (N. S.) 349.

Exceptions overruled. Judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK, FRASER and GAGE concur.